**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

PAR EXCELLENCE SYSTEMS, INC., an
Ohio domestic corporation,
              Plaintiff,                              Case No. 1:25-cv-840

v                                                           Hon.

JEFFERSON HEALTH CORPORATION, a
Pennsylvania domestic nonprofit corporation,

              Defendant.

---

**COMPLAINT**

Plaintiff, PAR Excellence Systems, Inc. ("PAR"), an Ohio corporation, states for its Complaint against Jefferson Health Corporation ("Jefferson") as follows:

**Introduction**

1. Plaintiff brings this action following Defendant's continued and protracted refusal to pay outstanding invoices for hardware that Plaintiff delivered to Lehigh Valley Health Network, Inc. ("LVHN"), which is Defendant's predecessor-in-interest.

2. On July 12, 2023, PAR and LVHN executed a Master Services Agreement (the "MSA"), under which LVHN agreed to purchase certain hardware systems from PAR.

3. PAR names Jefferson as the defendant in this action, rather than LVHN, because LVHN no longer exists as a separate legal entity following a 2025 statutory merger with Jefferson (the "2025 Merger").

4. As the surviving entity, Jefferson succeeded to all of LVHN's rights and liabilities, including those arising under the MSA executed between PAR and LVHN, which is the subject of

this litigation. Accordingly, Jefferson now holds liability for the contractual obligations arising under the MSA and LVHN's purchases of the equipment.

5. Plaintiff brings claims for breach of contract, unjust enrichment, and promissory estoppel against the Defendant, and requests that the Court enter judgment against Defendant in the amount of $1,285,643.46, and award Plaintiff all further relief this Court deems just, equitable, or appropriate under the circumstances.

## The Parties

6. Plaintiff, PAR Excellence Systems, Inc. ("PAR"), is an Ohio corporation that provides automated supply chain management systems, including weight-based inventory management systems, to various healthcare organizations.

7. PAR maintains its principal place of business in Cincinnati, Ohio.

8. LVHN is a healthcare organization that operated a network of hospitals and outpatient care centers in Pennsylvania.

9. Jefferson Health Corporation ("Jefferson") is a healthcare system that operates a network of hospitals, outpatient clinics, and specialized care centers across Pennsylvania and New Jersey.

10. Upon information and belief, Jefferson is a Pennsylvania nonprofit corporation and is the registered survivor entity of the 2025 Merger with LVHN, a non-active Pennsylvania nonprofit corporation.

11. Upon information and belief, Jefferson's principal place of business is in Philadelphia, Pennsylvania.

**Jurisdiction and Venue**

12. This Court has original diversity jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1332(a).

13. Complete diversity exists between the Parties.

14. For purposes of diversity jurisdiction, PAR is a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1).

15. For purposes of diversity jurisdiction, Jefferson is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

16. The amount in controversy exceeds $75,000, exclusive of interest and costs.

17. LVHN and PAR expressly agreed that disputes arising under the MSA would be adjudicated "exclusively in the federal courts of the United States or the courts of the State of Ohio in each case located in the city of Cincinnati and County of Hamilton." (**Ex. 1**, Master Services Agreement, at §16.11).

18. Accordingly, the Parties contractually consented to this Court's exclusive jurisdiction. *Id.*

19. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (c)(2) because LVHN consented to the Court's personal jurisdiction with respect to this civil action and because the LVHN (now Jefferson) facility is located in this district.

**General Allegations**

20. PAR restates the foregoing allegations as if fully set forth herein.

21. On July 12, 2023, PAR and LVHN executed a Master Services Agreement (the "MSA"), under which LVHN agreed to purchase from PAR certain hardware systems designed to assist with inventory management of medical supplies through weight tracking.

22. Under the MSA, LVHN had the option to "purchase Hardware and Software Licenses from Service Provider by submission of a purchase order ('Purchase Order') which w[ould] only become binding on Service Provider once it [wa]s accepted by Service Provider." (**Ex. 1**, MSA, at §2.3).

23. Furthermore, PAR's "obligations with respect to a Purchase Order [we]re substantially met when all Hardware listed in such Purchase Order [we]re delivered to customer or to the customer's third-party storage location." *Id*.

24. From September to October 2023, LVHN submitted a variety of purchase orders to PAR, which PAR accepted. (**Ex. 2**, Purchase Orders.)

25. For each of these purchase orders, PAR directly shipped the requested hardware to LVHN's Allentown and Bethlehem, Pennsylvania facilities. Per LVHN's request, PAR also delivered additional hardware to a Brendamour Warehousing facility, a third-party storage company, which held the hardware for LVHN.

26. Pursuant to Section 5.3 of the MSA, LVHN had the right to "return purchased Hardware and receive credit at Service Provider's cost for such Hardware (subject to a 25% restocking fee), so long as the returned Hardware: [wa]s new, unused, undamaged and in the original packaging; [and wa]s received by Service Provider *within 90 days after original shipment to Customer.*" (**Ex. 1**, MSA, at §5.3) (emphasis added).

27. LVHN, without objection, accepted the hardware that PAR delivered to the Allentown and Bethlehem facilities. LVHN also did not return the hardware within 90 days of receiving it. Accordingly, from June 27, 2024, to November 21, 2024, PAR invoiced against LVHN's September and October 2023 purchase orders (the "Hardware Invoices"). (**Ex. 3**, Hardware Invoices).

4

28. LVHN also accepted the hardware PAR delivered to the Brendamour warehouse. LVHN did not return this hardware within 90 days of receipt. Thus, from April 23, 2024, to October 23, 2024, PAR issued additional invoices to LVHN for the hardware delivered to the designated third-party storage facility (the "Warehouse Invoices"). (**Ex. 4**, Warehouse Invoices).

29. Under Section 7.4 of the MSA, LVHN "shall pay all undisputed invoiced amounts due to Service Provider *within 60 days from invoice date*." (**Ex. 1**, MSA, at §7.4) (emphasis added).

30. LVHN did not dispute the Hardware Invoices or the Warehouse Invoices within the required 60 days, yet LVHN and Jefferson have failed to remit payment for the outstanding balance.

31. On or about August 1, 2024, and April 24, 2025, LVHN made two partial payments to PAR in the total amount of $78,892.87.

32. Despite these payments, $1,285,643.46 remains due and owing on LVHN's account for the hardware PAR delivered to LVHN and the Brendamour warehouse.

33. From 2024 to 2025, PAR representatives have continuously communicated with LVHN's accounting department in hopes of collecting the overdue balance. However, PAR's efforts have proven unsuccessful.

34. Following the 2025 Merger, PAR representatives have also made several attempts to collect payment from Jefferson. Although Jefferson acknowledged the outstanding Invoices, it has failed and/or refused to tender payment. (**Ex. 5**, May Emails between PAR and Jefferson; **Ex. 6**, August Emails to Jefferson).

35. To date, the outstanding balance of $1,285,643.46 remains unpaid by either LVHN or Jefferson.

## Count I—Breach of Contract

36. PAR restates the foregoing allegations as if fully set forth herein.

37. The MSA between PAR and LVHN constitutes a valid and enforceable contract.

38. Under Ohio law, Jefferson, as the survivor entity of the 2025 Merger, is liable for LVHN's contractual obligations and liabilities under the MSA.

39. PAR performed its obligations under the MSA by delivering the requested equipment to LVHN's facilities and the Brendamour warehouse.

40. Having assumed LVHN's responsibilities under the MSA, Jefferson has failed to fulfill its obligations under the agreement.

41. Specifically, Jefferson has materially and substantially breached the MSA by refusing to compensate PAR for the amounts due and owing under the Invoices.

42. As a result of Jefferson's material and substantial breach of the MSA, PAR has been damaged in the amount of $1,285,643.46.

## Count II—Account Stated

43. PAR restates the foregoing allegations as if fully set forth herein.

44. LVHN, and thereby Jefferson, agreed to pay PAR for goods and services PAR provided to LVHN, creating a debtor and creditor relationship between them.

45. Although LVHN and Jefferson received copies of LVHN's account on multiple occasions, neither entity objected to the amount due, $1,285,643.46, within sixty days of receipt of the Invoices as required under Section 7.4 of the MSA.

46. PAR has made repeated demands upon LVHN and Jefferson for the payment of the amount due and owing, but to no avail.

47. The failure by LVHN or Jefferson to object with a reasonable time to the statements sent to them for the balance owed creates an agreement by them that they owe that amount.

48. LVHN, and thereby Jefferson, is now indebted to PAR in the amount of $1,285,643.46.

49. An Affidavit of Account Stated is attached as **Ex. 7**, and a copy of the account itself is attached to the affidavit as **Ex. A**.

## Count III—Unjust Enrichment (Alternative)

50. PAR restates the foregoing allegations as if fully set forth herein.

51. This count is pled in the alternative.

52. In the event the Court determines that there was not a contract between the Parties, LVHN, and thereby Jefferson, was unjustly enriched by the actions of PAR.

53. Specifically, by requesting that PAR deliver healthcare hardware but refusing to pay the price for this hardware, LVHN and now Jefferson obtained a benefit from PAR without justly compensating PAR for that benefit.

54. LVHN knowingly and voluntarily accepted this benefit. LVHN was aware of this benefit because it ordered the hardware and PAR informed LVHN when the equipment was delivered.

55. PAR did not give the benefit gratuitously.

56. It would be unjust for LVHN and now Jefferson to enjoy the benefit of utilizing and having access to the inventory management hardware without paying PAR for that benefit.

57. Accordingly, LVHN, and thereby Jefferson, have been unjustly enriched in the amount of $1,285,643.46, and PAR is entitled to restitution in that amount.

**Count IV—Promissory Estoppel (Alternative)**

58. PAR restates the foregoing allegations as if fully set forth herein.

59. This count is pled in the alternative.

60. In the event the Court determines that there was not a contract between the Parties, PAR is entitled to recover the amounts owed under the doctrine of promissory estoppel.

61. LVHN, and thereby Jefferson, promised to pay $1,285,643.46 in exchange for PAR supplying and delivering healthcare hardware.

62. LVHN's promise was clear and definite.

63. LVHN intended PAR to rely on that promise, and PAR did indeed rely on that promise.

64. LVHN failed to keep its promise to PAR.

65. As a direct and proximate result of PAR's reliance on that promise, PAR was harmed in the amount of $1,285,643.46.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Jefferson in the amount of $1,285,643.46, and award Plaintiff all further relief this Court deems just, equitable, or appropriate under the circumstances.

MILLER JOHNSON
Attorneys for Plaintiffs

Dated: November 17, 2025     By: */s/ Todd A. Holleman*
Todd A. Holleman (0080070)
Business Address:
500 Woodward Avenue, Suite 3600
Detroit, MI 48226
Phone: (313) 672-6939
E-mail- hollemant@millerjohnson.com

8

MJ_ND 4911-9102-0917v2